1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JACOB DANIEL TUMULTY, et al.,

               Plaintiffs,

     v.

FEDEX GROUND PACKAGE SYSTEM, INC.,
et al.,

               Defendants.

No. C04-1425P

ORDER DENYING DEFENDANT'S
MOTION FOR RECONSIDERATION
IN PART AND CALLING FOR A
RESPONSE FROM PLAINTIFFS IN
PART

This matter comes before the Court on Defendant FedEx Ground Package System, Inc.'s

("FedEx Ground") Motion for Reconsideration of the Court's August 16th Order on the parties'

Motions for Partial Summary Judgment ("Order").  (Dkt. No. 97).  FedEx Ground asserts that the

Court made two manifest errors warranting reconsideration: (1) that the Court applied an incorrect

legal standard in ruling that Plaintiffs are entitled to liquidated damages under the Fair Labor

Standards Act ("FLSA"), U.S.C. § 201 et seq.; (2) that the Court erroneously declined to reach the

issue of double damages under the Washington Minimum Wage Act ("MWA"), RCW 49.12.005 et

ORDER - 1

1   seq.  Having reviewed the motion for reconsideration and the relevant materials filed with the original

2   motions, the Court DENIES FedEx Ground's Motion for Reconsideration on the first issue and

3   requests Plaintiffs to file a response on the second issue.  Plaintiffs' response is due by September 12,

4   2005 and is limited to six (6) pages.  There is no need for FedEx Ground to file a reply.

5                                               ANALYSIS

6           Under the Western District of Washington Local Rule CR 7(h), motions for reconsideration

7   are disfavored.  Such motions are denied unless the Court committed manifest error in its prior ruling

8   or new facts or law require a different result.  FedEx Ground contends that reconsideration is

9   warranted due to two manifest errors by the Court.

10          In its Order, the Court held that double damages are warranted under 29 U.S.C. § 216 of the

11  FLSA for any overtime violations because FedEx Ground's belief that it was not Plaintiffs' joint

12  employer was not objectively reasonable.  The Court recognized that an employer may assert as a

13  defense to the imposition of double damages that it acted in subjective good faith and had objectively

14  reasonable grounds for believing that its conduct did not violate the FLSA.  Relying in large part on

15  Chao v. A-One Medical Services, Inc., 346 F.2d 908 (9th Cir. 2003), the Court concluded that by

16  failing to take any steps to ensure the legality of its position that it was not a joint employer, FedEx

17  Ground's actions did not demonstrate that it had objectively reasonable grounds for believing its

18  conduct did not violate the FLSA, regardless of whether FedEx Ground presented evidence that it

19  acted in subjective good faith.

20          FedEx Ground contends that the Court interpreted Chao too narrowly.  According to FedEx

21  Ground, when the court in Chao indicated that an employer could demonstrate that it had objectively

22  reasonable grounds for believing that its conduct did not violate the FLSA by securing some objective

23  authority, or at the very least seeking advise on the legality of its position, the court was using this as

24  merely one example of satisfying this burden.  FedEx Ground argues that this Court erroneously

25

ORDER - 2

1  treated this as the only possible way of satisfying the objectively reasonable grounds prong of this

2  defense.

3      FedEx Ground is correct that the Court did rely on this example identified in <u>Chao</u>. This was

4  not manifestly erroneous, however, because FedEx Ground itself claimed that it had objectively

5  reasonable grounds to support its position based on objective authority from other cases dealing with

6  FedEx Ground's relationship with the contractors and from the IRS. (FedEx Ground's Resp. to Plfs'

7  Mot. at 15-16). Therefore, it was not improper for this Court to analyze whether there was in fact any

8  objective authority or evidence of FedEx Ground having sought legal advise on this issue to support

9  FedEx Ground's position. The Court concluded that the evidence relied on by FedEx Ground did not

10 support such a conclusion. (Order at 10-11). FedEx Ground did not present any other evidence to

11 show that it had objectively reasonable grounds for believing that its conduct did not violate the

12 FLSA. FedEx Ground's attempt to disassociate itself as a potential joint employer through its

13 operating agreements with the Contractors and its lack of involvement in paying Plaintiffs' wages may

14 be indicative of FedEx Ground's subjective good faith but has no bearing on whether it had objectively

15 reasonable grounds to believe that its conduct did not violate the FLSA. In short, FedEx Ground has

16 not shown that the Court's analysis of this issue and interpretation of <u>Chao</u> was manifestly erroneous.

17     FedEx Ground also argues that the Court committed error in requiring FedEx Ground to prove

18 that it had secured objective authority or sought advise on the legality of its position since it was not

19 the moving party on this claim. This argument fails for two reasons. It is the employer's burden to

20 establish the defense to the imposition of liquidated damages under the FLSA. Further, FedEx

21 Ground in its response brief requested entry of summary judgment in its favor on this issue even

22 though it had failed to include it in its own motion for partial summary judgment. (FedEx Ground's

23 Resp. at 13 n.4).

24     The Court reserves judgment on FedEx Ground's second argument until it has had the benefit

25 of considering Plaintiffs' response.

ORDER - 3

1    The clerk is directed to provide copies of this order to all counsel of record.

2    Dated: September 6, 2005.

3

4

5    Marsha J. Pechman
     United States District Court

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

ORDER - 4