UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JACOB DANIEL TUMULTY, et al.,

    Plaintiffs,

  v.

FEDEX GROUND PACKAGE SYSTEM, INC., et al.,

    Defendants.

No. C04-1425P

ORDER ON JOINT MOTION UNDER RULE 60(B) FOR VACATUR OF FINAL JUDGMENT AND RELATED ORDERS

This matter comes before the Court on a joint motion by Plaintiffs and Defendant FedEx Ground Package System, Inc. (Dkt. No. 122). The parties bring this joint motion under Rule 60(b) to request vacatur of the Court's final judgment and related orders in this case. Having considering the parties' motion and the balance of the record in this case, the Court DENIES the joint motion for the reasons stated below.

**Background**

Plaintiffs Jacob Tumulty and Taj Uhde ("the Drivers") brought claims under the Fair Labor Standards Act (FLSA) and the Washington Minimum Wage Act (MWA) against Defendant FedEx Ground Package System, Inc. (FEG) and several other defendants. The Court previously described the background of this case as follows:

ORDER - 1

1
2
3
> The Drivers picked-up and delivered packages for FEG for various lengths of time between September 2001 and January 2003. The Drivers worked for independent contractors . . . . The independent contractors had contracts with FEG to deliver packages along a specific route. In essence each contractor owned a route and had the exclusive right to deliver and pick-up packages along that route.

4
5
> Tumulty was fired as a FEG delivery/pick-up truck driver on January 29, 2003. Uhde quit on January 17, 2003 due to a work related injury. The Drivers claim that they were denied overtime pay, breaks, and lunches. Additionally Tumulty claims that he was wrongfully terminated. The Drivers assert these claims against FEG under the MWA and the FLSA.

6
7
8
> The Drivers argue that FEG is their "joint employer" under both the FLSA and the MWA, and is thus liable for the unpaid overtime and wrongful termination. FEG argues that it does not have an employment relationship with the Drivers since they are employees of independent contractors.

9  (Dkt. No. 47 at 2). The Court issued a number of substantive orders in this case, including: (1) a

10 partial summary judgment ruling that held FEG was Plaintiffs' "joint employer" under the FLSA and

11 MWA (Dkt. No. 47); and (2) a partial summary judgment ruling that held, among other things, that

12 the "fluctuating workweek" method would be applied for calculating any overtime compensation due.

13 (Dkt. No. 80).

14 Following the summary judgment rulings, Plaintiffs and FEG submitted a stipulated motion for

15 entry of final judgment, while reserving their rights of appeal. On September 30, 2005, the Court

16 signed the parties' proposed order on the stipulated motion, which provided for entry of a final

17 judgment for Plaintiffs on their overtime and rest period claims against FEG. FEG filed a timely notice

18 of appeal.

19 The parties have now submitted a joint motion under Fed. R. Civ. P. 60(b) to vacate the

20 Court's judgment, as well as a number of substantive orders entered in this case. The parties state:

21
22
> With the assistance of the Ninth Circuit's mediation program, the parties now have agreed not to proceed with the appeal, but to instead settle all of the claims in this matter. That settlement, however, is entirely contingent on vacatur of this Court's judgment in this case as well as of this Court's prior contested substantive rulings that led to its final judgment.

23
24 (Dkt. No. 122 at 1-2). The Ninth Circuit has remanded the appeal to this Court for consideration of

25 the parties' motion to vacate. (Dkt. No. 124).

ORDER - 2

**Analysis**

Fed. R. Civ. P. 60 provides the basis for a district court to vacate its judgment "when the equities so demand." American Games, Inc. v. Trade Prods. Inc., 142 F.3d 1164, 1168 (9th Cir. 1998). Rule 60 provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of judgment.

In the Ninth Circuit, a district court employs an "equitable balancing test to determine whether to vacate its own unreviewed judgment, mooted by voluntary action of the parties." American Games, 142 F.3d at 1167. In such circumstances, the Court must decide "whether to vacate its judgment in light of the consequences and attendant hardships of dismissal or refusal to dismiss and the competing values of finality of judgment and right to relitigation of unreviewed disputes." Id. at 1168 (internal quotations marks omitted). The Ninth Circuit has noted that "a district court is not required to vacate a judgment pursuant to settlement because, otherwise, 'any litigant dissatisfied with a trial court's findings would be able to have them wiped from the books.'" Bates v. Union Oil Co. of California, 944 F.2d 647, 650 (9th Cir. 1991) (quoting Ringsby Truck Lines, Inc. v. Western Conference of Teamsters, 686 F.2d 720, 721 (9th Cir. 1982)).

Applying the equitable balancing test, the Court declines to vacate the judgment and related orders entered in this case. In terms of hardship resulting from dismissal or refusal to dismiss, the parties assert that unless the Court grants their motion to vacate, they "will be forced to go forward with the pending appeal, with the attendant costs and risks for both sides of the appeal." They also suggest that their motion should be granted to avoid imposing hardship on "a heavily burdened Court of Appeals." The Court does not regard these reasons as sufficient hardships to justify vacatur. The Court does not regard the hardship of pursuing an appeal as undue or unusual. In addition, the

ORDER - 3

parties' concern about imposing hardship on the Ninth Circuit overlooks the considerable resources that this Court has expended on this case – work that would be negated by a vacatur order. As one district court noted in denying a joint motion to vacate following the parties' settlement while an appeal was pending, "although [Defendant] urges that vacatur would conserve judicial resources by avoiding further litigation on appeal, that argument ignores the considerable judicial resources that have already been expended in litigating the issues in this case, which resources would be expended for nought if vacatur were ordered." Aetna Cas. & Surety Co. v. Home Ins. Co., 882 F. Supp. 1355, 1358 (S.D.N.Y. 1995).

The Court is also unpersuaded by the parties' contention that the "competing values of finality of judgment and right to relitigation of unreviewed disputes" weigh in favor of vacatur. The parties provide little discussion of this consideration, simply stating "the parties have been able to bring finality to their dispute by reaching a compromise acceptable to each of them" and asserting "[t]here is no compelling countervailing equitable reason to deny vacatur in light of that compromise." The parties' arguments are conclusory at best. Although Plaintiffs Tumulty and Uhde would presumably be precluded under the terms of the parties' conditional settlement from relitigating their claims, there is no basis to presume that other delivery drivers who worked for the same employers as Plaintiffs would not seek to litigate similar overtime claims under the FLSA or MWA. There is no indication that the employment practices challenged in this lawsuit have been modified.[1]

---

[1] Although not mentioned by either side, there appears to be a significant amount of litigation against FEG involving claims related to classification of delivery drivers as "independent contractors." See, e.g., In re FedEx Ground Package System, Inc. Employment Practices Litig., 381 F. Supp.2d 1380, 1381 (J.P.M.L. 2005) (establishing MDL proceeding for cases brought against FEG and noting that "[a]ll actions, at some level, share factual questions arising from the classification of certain package delivery drivers as independent contractors rather than employees"). While the Court is not in a position to evaluate the similarities between the MDL cases and this case, the establishment of an MDL proceeding tends to raise additional questions as to whether a vacatur order in this case would avoid relitigation of unreviewed disputes.

ORDER - 4

1  As a result, the Court has little assurance that vacatur will avoid relitigation of unreviewed
2  disputes. Instead, it appears possible that other litigants may continue to bring similar if not identical
3  claims against Defendant FEG. While it is FEG's right to seek to vacate the Court's rulings through
4  its appeal to the Ninth Circuit, the Court declines to vacate its rulings in this case based on the parties'
5  agreement to condition their settlement on a vacatur order. To do so would effectively allow FEG to
6  "buy an eraser" for unfavorable rulings in this Court.

7  The parties emphasize that the Court's unpublished rulings in this case are not precedential and
8  that "no parties, except the parties to this case, should have relied on them, for they are not binding
9  precedents." However, the parties have not addressed the possibility that the Court's unpublished
10 rulings in this case may have value to other plaintiffs seeking to invoke the doctrine of offensive
11 collateral estoppel. See Parklane Hosiery Co. v. Shore, 439 U.S. 322, 329-32 (1979). And although
12 the Court's rulings in this case are unpublished and are not precedential, Ninth Circuit rules do not
13 prohibit citation of unreported district court opinions. Instead, the Ninth Circuit has "condoned the
14 use of unpublished district court decisions to identify general policy considerations relevant to cases
15 bearing a factual similarity to one another." Committee of Central American Refugees v. INS, 795
16 F.2d 1434, 1438 n.5 (9th Cir. 1986); see also Onque v. Cox Commc'ns Las Vegas, Inc., 2006 WL
17 2707466 at * 3 (D. Nev. Sept. 19, 2006) (finding that the Court's ruling on an issue in this case was
18 persuasive, even though it was not controlling).

19 **Conclusion**

20 The parties have not demonstrated that vacatur of the Court's judgment and related orders in
21 this case is warranted under the equitable balancing test applicable in the Ninth Circuit to this Rule
22 60(b) motion. Therefore, the Court DENIES the parties' joint motion for vacatur.
23 //
24 //
25 //

ORDER - 5

1  The Clerk is directed to send copies of this order to all counsel of record.  Because this case
2  has been reopened for the limited purpose of permitting the Court to consider this motion, the Clerk is
3  directed to CLOSE this reopened case.
4  Dated: March 22, 2007.

6  s/Marsha J. Pechman
   Marsha J. Pechman
7  United States District Judge

ORDER - 6